IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Samuel N. Smith, | ) | C/A No.: 3:14-507-CMC-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Jean H. Toal; Rick Quinn; T. Stephen Lynch; William J. Condon, Jr.; Sandra Matthews; Tracey Colton Green; Mitchell Willoughby; John M.S. Hoefer; World Capital Brokerage, Inc.; Allianz Life Insurance Company; Gameplan Financial Marketing, LLC; John Carrigg; S. Jahue Moore; Tiffany Richardson; Bryan Cantrell; Lindsey Graham; Addison Graves Wilson, Sr.; Alan Wilson; John E. Courson; William N. Nettles; David A. Thomas; Nimrati Randhawa Haley; State of South Carolina; Henry D. McMaster; Glenn McConnell; FINRA; Donita Todd; Rich O'Dell; Cindi Scoppe; Daniel E. Shearouse; Major John Tate; and Susan B. Lipscomb, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | REPORT AND RECOMMENDATION |
| Defendants. | ) ) | |

Samuel N. Smith ("Plaintiff"), proceeding pro se, alleges constitutional violations and state law claims against the following defendants: Jean H. Toal; Rick Quinn; T. Stephen Lynch; William J. Condon, Jr.; Sandra Matthews; Tracey Colton Green; Mitchell Willoughby; John M.S. Hoefer; World Capital Brokerage, Inc.; Allianz Life Insurance Company; Gameplan Financial Marketing, LLC; John Carrigg; S. Jahue Moore; Tiffany

Richardson; Bryan Cantrell; Lindsey Graham; Addison Graves Wilson, Sr.; Alan Wilson; John E. Courson; William N. Nettles; David A. Thomas; Nimrati Randhawa Haley; State of South Carolina; Henry D. McMaster; Glenn McConnell; FINRA; Donita Todd; Rich O'Dell; Cindi Scoppe; Daniel E. Shearouse; Major John Tate; and Susan B. Lipscomb (collectively "Defendants"). This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(e) (D.S.C.). For the reasons that follow, the undersigned recommends that the district judge dismiss this case, without prejudice and without issuance and service of process.

I.     Factual and Procedural Background

Plaintiff's statement of claim lists several federal statutes and state laws, but provides no factual allegations. [Entry #1 at 5–6]. In the relief section of the complaint, Plaintiff alleges that Defendants "abused the power of their office to attack me 'under color of law' and have used their office to cover up their corruption." *Id.* at 6. Plaintiff further claims Defendants "manufactured lies in violation of 'Fraud Upon The Court,'" made a calculated effort to hide such fraud, and robbed Plaintiff of his ability to use his education and training to support his family. *Id.* Plaintiff alleges the State of South Carolina encourages corrupt politicians "to use their office to abuse the power of their office." *Id.* Plaintiff states many Defendants are attorneys who "still have a license to practice law because the 'chief justice' is corrupt." *Id.* at 7. Plaintiff believes Defendants "issued instructions" to calculate the statute of limitations "to assure that [Plaintiff] does not have an inroad back to the United States Supreme Court." *Id.* Plaintiff claims World Capital Brokerage, Inc., Gameplan Financial Marketing, LLC, and Allianz Life Insurance

2

Company allowed corrupt politicians to demand Plaintiff's termination of employment. *Id.* at 7. Rick Quinn and Henry McMaster are named for allegedly hiding behind their offices and fraudulently attacking Plaintiff. *Id.* at 8. Plaintiff states that he had to close his office, resulting in a $40,000 lien for lease payments. *Id.*

Plaintiff asks the court to: (1) appropriately charge Defendants for their intentional violations of federal law; (2) award him damages; (3) permanently revoke the law licenses of the attorneys named in this action; (4) direct the Supreme Court to review the Defendants' actions; and (5) require Rick Quinn and Henry McMaster to pay Plaintiff's $40,000 lien within thirty days. *Id.* at 6–8.

II.     Discussion

   A.     Standard of Review

Under established local procedure in this judicial district, a careful review has been made of the pro se complaint. This court is required to liberally construe pro se complaints. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Such pro se complaints are held to a less stringent standard than those drafted by attorneys, *id.*; *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Erickson*, 551 U.S. at 93 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)).

Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009) (outlining pleading requirements under Fed. R. Civ. P. 8 for "all civil actions"). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

Moreover, even when the filing fee is paid, the court possesses the inherent authority to ensure that a plaintiff has standing, that federal jurisdiction exists, and that a case is not frivolous.[1] *See Ross v. Baron*, No. 12-1272, 2012 WL 3590914, at *1 (4th Cir. Aug. 22, 2012); *see also Mallard v. United States Dist. Court for S. Dist. of Iowa*, 490 U.S. 296, 307−08 (1989) ("Section 1915(d) . . . authorizes courts to dismiss a 'frivolous or malicious' action, but there is little doubt they would have power to do so even in the absence of this statutory provision.").

---

[1] Plaintiff is not proceeding in forma pauperis. Therefore, 28 U.S.C. § 1915(e)(2), which allows *sua sponte* dismissal of complaints that fail to state a claim, is inapplicable.

B.   Analysis

Federal courts are courts of limited jurisdiction, "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." *In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir. 1998). Accordingly, a federal court is required, *sua sponte*, to determine if a valid basis for its jurisdiction exists "and to dismiss the action if no such ground appears." *Id.* at 352; *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Although the absence of subject matter jurisdiction may be raised at any time during the case, determining jurisdiction at the outset of the litigation is the most efficient procedure. *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999).

There is no presumption that a federal court has jurisdiction over a case, *Pinkley, Inc. v. City of Frederick, MD.*, 191 F.3d 394, 399 (4th Cir. 1999), and a plaintiff must allege facts essential to show jurisdiction in his pleadings. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936); *see also Dracos v. Hellenic Lines, Ltd.*, 762 F.2d 348, 350 (4th Cir. 1985) ("[P]laintiffs must affirmatively plead the jurisdiction of the federal court."). To this end, Fed. R. Civ. P. 8(a)(1) requires that the complaint provide "a short and plain statement of the grounds for the court's jurisdiction[.]" When a complaint fails to include "an affirmative pleading of a jurisdictional basis, the federal court may find that it has jurisdiction if the facts supporting jurisdiction have been clearly pleaded." *Pinkley*, 191 F.3d at 399 (citation omitted). However, if the court, viewing the allegations in the light most favorable to a plaintiff, finds insufficient allegations in the

5

pleadings, the court will lack subject matter jurisdiction. *Id; see also Holloway v. Pagan River Dockside Seafood, Inc.*, 669 F.3d 448, 452–53 (4th Cir. 2012) (when the alleged federal claim is "'so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy,'" then subject matter jurisdiction does not exist) (citation omitted).

The two most commonly recognized and utilized bases for federal court jurisdiction are (1) "federal question" under 28 U.S.C. § 1331, and (2) "diversity of citizenship" pursuant to 28 U.S.C. § 1332. As discussed below, the factual allegations contained in the instant complaint do not fall within the scope of either form of this court's limited jurisdiction.

1. Diversity Jurisdiction

The diversity statute, 28 U.S.C. § 1332(a), requires complete diversity of parties and an amount in controversy in excess of $75,000. Complete diversity of parties in a case means that no party on one side may be a citizen of the same state as any party on the other side. *See Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 372−74 nn.13−16 (1978). This court has no diversity jurisdiction over this case because Plaintiff fails to demonstrate that he and Defendants are citizens of different states. In absence of diversity of citizenship, the amount in controversy is irrelevant.

2. Federal Question Jurisdiction

"[A] claim of federal question jurisdiction is to be resolved on the basis of the allegations of the complaint itself." *Burgess v. Charlottesville Sav. and Loan Ass'n*, 477 F.2d 40, 43 (4th Cir. 1973). Therefore, a complaint must "contain allegations

6

'affirmatively and distinctly' establishing federal grounds 'not in mere form, but in substance' and 'not in mere assertion, but in essence and effect.'" *Id.* (citing *Cuyahoga Co. v. Northern Ohio Co.*, 252 U.S. 388, 397 (1920)). "[T]he mere assertion in a pleading that the case is one involving the construction or application of the federal laws does not authorize the District Court to entertain the suit." *Malone v. Gardner*, 62 F.2d 15, 18 (4th Cir. 1932).

In the present case, the essential allegations contained in the complaint are insufficient to show that the case is one "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. While Plaintiff lists several federal statutes allegedly violated by Defendants, he provides no factual support for his assertion of federal jurisdiction. [Entry #1 at 5–6]. Instead, Plaintiff alleges Defendants have somehow abused the power of their offices to rob Plaintiff of the ability to work, have caused Plaintiff to be terminated from his employment, and have caused Plaintiff's office to close. *Id.* at 6–8. While Plaintiff alleges such actions were performed "under color of law," *id.* at 6, he fails demonstrate any type of federal claim against Defendants and fails to show that this case arises under federal law. As "conclusory allegations in the complaint are insufficient to support jurisdiction," *Burgess*, 477 F.2d at 43, this case is subject to summary dismissal.

III.    Conclusion

For the foregoing reasons, it is recommended that the complaint be dismissed without prejudice and without issuance and service of process.

7

IT IS SO RECOMMENDED.

March 12, 2014                                         Shiva V. Hodges
Columbia, South Carolina                        United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

### Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).